**Debra GILES, et al.   Plaintiffs**

v.

**AMERICAN GENERAL FINANCE, INC., American General Financial Services, Inc., Merit Life Insurance Co. and Yosemite Insurance Company Defendants**

**No. CIV.A. 4:02CV517LN.**

United States District Court,
S.D. Mississippi,
Eastern Division.

Aug. 19, 2005.

Charles E. Gibson, III, Attorney, Jarret P. Nichols, Mary Jeanne Gibson, The Gibson Law Firm, Jackson, MS, for Plaintiffs.

Emerson Barney Robinson, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Robert D. Gholson, Law Offices of Robert D. Gholson, Laurel, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on defendants' "Third Motion to Show Cause" and their "Rule 11 and 28 U.S.C. § 1927 Motion Directed Only to the 58 Remaining Non–Arbitration Clause Plaintiffs." The court has considered these motions, and now concludes that the motion to show cause should be granted to the extent it seeks dismissal of the claims of all remaining nonarbitration clause plaintiffs but denied to the extent it seeks a default judgment on defendants' counterclaim against these plaintiffs. The motion for sanctions will likewise be denied.

### Relevant Proceedings

This case was originally filed in state court in November 2002 by 118 plaintiffs alleging predatory lending claims against defendants. The case was removed by defendants December 13, 2002. By order entered August 23, 2004, twenty-five plaintiffs were ordered to arbitrate their claims against defendants.[1]

Prior to that order, defendants had first served discovery requests in August 2003 and October 2003. Defendants wrote to plaintiffs' attorney Charles E. Gibson III in December 2003 in an attempt to confer regarding the outstanding discovery requests, but received no response. Defendants again wrote to Mr. Gibson in March 2004 regarding their discovery requests. This time Mr. Gibson responded that discovery responses were not due, in his view, until a pending motion to compel arbitration had been decided. In light of Mr. Gibson's response, defendants filed a motion to compel discovery responses as to the 93 plaintiffs who had no arbitration agreements. An order was entered in May 2004, granting the motion to compel, but when discovery responses still were not forthcoming in response to the court's order, defendants moved in June 2004 to show cause for plaintiffs' noncompliance with the court's order. The magistrate judge entered an order February 23, 2005 granting the motion to show cause to the extent of amending the case management order, though he denied defendants' request for dismissal as a sanction as "too draconian a punishment."

On March 2, defendants provided plaintiffs' counsel with a motion for sanctions they were proposing to file, in which defendants took the position that pursuant to Rule 11 and 28 U.S.C. § 1927, sanctions were in order against all the remaining plaintiffs (the nonarbitration plaintiffs) and their counsel because the plaintiffs were seeking the continued prosecution of their claims, despite the fact that recent decisions of the Fifth Circuit and Mississippi Supreme Court had made it plain that plaintiffs' claims are not viable as a matter of law.

Upon receipt of that letter, plaintiffs' attorney, Charles Gibson III, immediately sent a letter to each of the remaining plaintiffs advising them that in light of recent court decisions, his firm had "determined that there is very little potential for success in your lawsuit," and seeking their approval to voluntarily dismiss their claims, failing which he would be moving to withdraw as their counsel. The letter included an agreement that plaintiffs could sign signifying their agreement to dismiss their remaining claims against defendants.

In response to Mr. Gibson's letter, 20 plaintiffs voluntarily agreed to dismiss their claims,[2] leaving 73 nonarbitration plaintiffs,

---

1. Those plaintiffs are: Alvin Blakeney; Michael Brown; Michael Brown; Henrietta Brown; Kevin Chapman; James Edmon; Shirley Evans; Jeanette Garrett; Samuel Grant; Rosie Grant; Ronald Hale; Rosie Hamilton; Christine Harris; Peggy Herrington; Alex Harrington; Deborah House–Leland; Frank Jones; Lamar McGowan; Tammy McGowan; Nannie Newsome; Elaine Peoples; Malcolm Smoot; Alicia Smoot; Clarence Thompson; and Dennis Windham.

2. Those plaintiffs are: Annie Carey; Jo Diggs; Clifton Edwards; Madeline Edwards; Peggy Hale; Jacqueline Marie Harper; Glendon Herrington; Joe Diggs; A.W. Holt; Margaret Holt; Evonne Lovett; Dolly Morgan; Nellie Nathan; Ira Pigford; John Pigford; Claudia Pollard; Cecil Powe; Margaret Powe; Vencie Pruitt; Kenny Singleton; and William Seliby.

and on April 1, Mr. Gibson filed his motion to withdraw from representation of those plaintiffs. At the sane time, Mr. Gibson also filed a motion for protective order, asking that compliance with the magistrate judge's February 2005 show cause order be excused in view of his efforts to secure the voluntary dismissal of all the plaintiffs' claims and in view of his motion to withdraw.

A week later, defendants filed a second motion to show cause, again lamenting plaintiffs' failure to respond to the outstanding discovery requests. Defendants acknowledged therein that 20 plaintiffs had voluntarily dismissed their claims, but maintained that in view of the looming June 3 deadline for discovery, the remaining plaintiffs' "flouting of this Court's second Order compelling them to respond to discovery is seriously prejudicing Defendants." Defendants requested dismissal as a sanction, or in the alternative, an order barring plaintiffs from offering any evidence of damages at trial or in connection with any motions or other pretrial matters, or in the further alternative for amendment of the case management order.

On April 27, the magistrate judge entered an order granting Mr. Gibson's motion to withdraw, conditioned on his payment of $2500 as a sanction for discovery abuses (representing payment of defendants' fees for having to file the motion to compel). He denied the defendants' Rule 11/ § 1927 motion for dismissal on the basis that he lacked authority over that request, and advised that an appropriate motion requesting such relief could be specifically directed to the undersigned.

Thereafter, on May 4, defendants filed their "Third Motion to Dismiss" the claims of the remaining 73 plaintiffs as a sanction for their failure to respond to the outstanding discovery requests. By that motion, defendants asked that the court not only dismiss the claims of all these plaintiffs, but also requested entry of a default judgment on their counterclaim against *all* the nonarbitration plaintiffs (including those who had voluntarily dismissed their claims in response to Mr. Gibson's letter). That counterclaim included not only a request for a declaratory judgment that they bear no liability to plaintiffs as a result of their respective loan and insurance transactions, but also included a claim against plaintiffs for violation of Mississippi's Litigation Accountability Act, Miss. Code Ann. § 11–55–1, pursuant to which defendants sought to recover their attorneys' fees and costs incurred in defending the action.

Over the several weeks after that motion was filed, another 15 plaintiffs agreed to dismiss their claims.[3] However, as of the beginning of June, there were 58 plaintiffs who had not affirmatively agreed to dismiss their claims. In light of that, on June 2, defendants filed a motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 against the remaining 58 plaintiffs (and any new counsel they might retain) on the basis that those plaintiffs had not agreed to dismiss their claims but were "seeking the continued prosecution of their claims, despite the fact that multiple decisions of the Fifth Circuit Court of Appeals and the Mississippi Supreme Court make it plain that these claims are not viable as a matter of law." As defendants made clear, this motion was not directed at the Gibson law firm or at the 35 plaintiffs who had ultimately voluntarily dismissed their claims in response to Mr. Gibson's letter and the prior motion for Rule 11 sanctions.

*Findings and Conclusions*

██ With reference to defendants' "Third Motion to Dismiss," the court does agree that dismissal of plaintiffs' claims is an appropriate sanction for the plaintiffs' failure to respond to discovery requests.[4] However, the court rejects defendants' request for entry of a default judgment on their counter-

---

3. Those plaintiffs are: Robert Bonner; Betty Carpenter; Harold Carpenter; Deborah (Debra) Giles; Dixon Glover; Alexander Henderson; Percy Magee; Willie Magee; James Patterson; Ophelia Simmons; Judy Thompson; Gloria Wells; Harry Lee Wells; Ophelia Williams; and Jessie Young.

4. The court notes that while this motion was served by Mr. Gibson on each of the remaining plaintiffs, as directed by the court, none of the plaintiffs responded to that motion. Thus, the motion could appropriately be granted as confessed.

claim as a sanction for plaintiffs' discovery omissions. Defendants' request for declaratory relief is essentially moot, given the dismissal of plaintiffs' claims, since that count of the counterclaim merely seeks an adjudication that plaintiffs have no viable claim against defendants. There remains, however, defendants' claim for attorneys' fees and costs under the Mississippi Litigation Accountability Act.[5] While plaintiffs obviously failed for over a year and a half to respond to discovery requests, their failure is almost certainly attributable solely to their attorney, and not to anything these plaintiffs did or failed to do, and thus this court has no inclination to enter a default judgment for fees and costs against these plaintiffs for their attorney's omissions.[6]

■ As for defendants' most recent motion for sanctions, the premise of the motion, as the court understands it, is that sanctions are in order because "the 58 Nonarbitration

Clause Plaintiffs have no good faith basis for continuing to prosecute their claims" in light of having been advised both by Mr. Gibson and by defendants that their claims have no merit.[7] With limited exceptions, however, which are discussed *infra*, the court does not perceive that the remaining plaintiffs are seeking to pursue their claims.

Although the majority of the nonarbitration plaintiffs did not sign and return the agreement to dismiss initially sent to them by Mr. Gibson, they have not otherwise indicated any desire to pursue their claims in this case. Indeed, at the time he was allowed to withdraw as counsel, Mr. Gibson wrote to each of these plaintiffs advising them that in order to avoid dismissal of their claims, they needed to contact the court by May 27, 2005 and show cause why their claims should not be dismissed. Only three plaintiffs contacted the court. The rest ap-

---

**5.** The Act provides:

[I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

Miss.Code Ann. § 11–55–5(1). Under the Act, "[a] claim is without 'substantial justification' when it is 'frivolous ... as determined by the court.'" *Adcock v. Van Norman*, 2005 WL 646502 (Mar. 22, 2005) (quoting Miss.Code Ann. § 11–55–3(a)). "Frivolous," is in turn, defined by reference to the definition in Mississippi Rule of Civil Procedure 11, which provides that a claim is frivolous "only when, objectively speaking, the pleader or movant has no hope of success." *Id.* (citation omitted).

Notably, under the act, fees and costs may be assessed against a party, or his attorney, or both.

**6.** In fact, to be frank, the court has no inclination to impose a judgment for defendants' fees or costs against any plaintiff. While this case may be an exception, it has been this court's experience that plaintiffs in such cases as these have been recruited by attorneys and encouraged to

file suit based on representations by these attorneys that their claims are meritorious.

**7.** Rule 11 provides, in pertinent part,

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

pear to have acquiesced to the dismissal of the claims. That is to say, the court does not perceive that these plaintiffs are "continuing to prosecute" their claims.[8]

Three plaintiffs did respond to Mr. Gibson's letter by contacting the court to advise that the court that they did not want their claims dismissed. However, two of those, Deborah Giles and Dolly Morgan, had already voluntarily dismissed their claims prior to the time Mr. Gibson's letter was sent. The third, Sylvia Hunter, indicated that she intended to seek an attorney to handle her case, but she has done nothing further. In the court's opinion, she should not be penalized merely for indicating that she wanted to try to find another attorney.[9]

For the reasons given, it is ordered that defendants' motion for dismissal of the claims of the 58 remaining nonarbitration plaintiffs is granted. Their motion to dismiss is denied to the extent it seeks default judgment on their counterclaim for fees and costs under the Litigation Accountability Act, as is their motion for sanctions.

See also 316 F.Supp.2d 581.

---

**8.** The court here would reiterate that to the extent defendants would seek sanctions on the basis that the case had no merit in the first place and should never have been filed, it is likely that plaintiffs were led down the path to litigation by their attorneys without the ability to judge for themselves (and relying instead on their attorney to advise them) whether their putative claims had merit under the law.

**9.** Of course, her claim has now been dismissed for failing to respond to discovery requests.